**Craig L. SCHWAB, Plaintiff,**

v.

**H & R BLOCK, INC., Defendant.**

**No. C–87–2218 DLJ.**

United States District Court, N.D. California.

Dec. 20, 1988.

Norman J. Ronneberg, Jr. of Acret & Perrochet, San Francisco, Cal., for plaintiff.

Kathryn Doi of Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant.

JENSEN, District Judge.

On November 30, 1988, this Court heard defendant's motion for partial summary judgment. Kathryn Doi, of Orrick, Herrington and Sutcliffe, appeared for defendant. Norman Ronneberg, of Acret and Perrochet, appeared for plaintiff. For the

following reasons, this Court GRANTS defendant's motion.

## I.

In May 1985, plaintiff Schwab transferred his H & R Block franchise in Ukiah, California, to Jack Riccio. Schwab and Riccio executed a Contract for the Sale of Business (the Contract), which transferred title to all of the assets of the business to Riccio, giving Riccio the power to transfer the business at any time. The Contract provided that "[s]hould Buyer sell at a later date any and all funds due to Seller shall become immediately due and payable." To complete the sale Schwab requested and received H & R Block's approval of the transfer.

Without H & R Block's knowledge, however, Schwab and Riccio executed a "Security Agreement" (the Agreement), which gave Schwab a security interest in the office furniture and equipment (the furnishings). The Agreement provided that upon default by Riccio, Schwab had the option to declare the obligation due and payable, and to repossess the collateral.

In 1986, Riccio's business failed and H & R Block terminated Riccio's franchise, selling it to a new party. Defendant requested and received Riccio's permission to sell the furnishings to the new owner. The $2,000 received from that sale was used to partially satisfy the debt owed by Riccio to H & R Block for supplies.

At the time H & R Block terminated Riccio's franchise, Riccio was current on his promissory note payments to Schwab as required under the Contract. Under the Agreement, however, plaintiff claims that Riccio was in default, thus giving Schwab an ownership interest in the franchise and the furnishings. Therefore, Riccio would be precluded from granting H & R Block permission to sell the furnishings. Plaintiff further asserts that since Riccio did not have a right to permit the sale, H & R Block unlawfully converted the furnishings, as well as the franchise.

Defendant H & R Block argues that Schwab transferred his whole ownership interest in the Ukiah franchise and its furnishings to Riccio when he sold the business in 1985. Defendant further claims that plaintiff never regained a possessory interest because Schwab failed to exercise his option, under the Agreement, to place Riccio in default. Defendant therefore concludes that it lawfully sold the furnishings after gaining permission from Riccio, the rightful owner.

## II.

Plaintiff urges this Court to find that Schwab had a possessory interest in the franchise itself and that H & R Block unlawfully converted the franchise when it terminated Riccio's contract and resold the franchise to a new party. This Court declines to do so, having previously ruled that Schwab has no ownership interest in the franchise. In an order, dated May 25, 1988, this Court held that plaintiff did not have any rights under the terms of the franchise agreement between H & R Block and Riccio. Accordingly, the consideration of plaintiff's fifth cause of action for conversion will be limited to the ownership and alleged conversion of the furnishings.

## III.

Plaintiff cites *Bank of the West v. Commercial Credit Financial Services, Inc.*, 655 F.Supp. 807 (N.D.Cal.1987), as controlling in this case. *Bank of the West* was reversed by the Ninth Circuit which eliminated the lower court's analysis based on conversion and decided the case on different grounds. 852 F.2d 1162 (9th Cir.1988). Furthermore, the facts and issues decided in that case can be distinguished from the one at bar. *Bank of the West* involved competing security interests between creditors of different debtors. The Ninth Circuit decided the issue of which creditor had priority by defining which had perfected its security interest first by filing a financial statement with the California Secretary of State. In the case at bar, there is only one debtor, Riccio, and there is only one security agreement at issue, the Schwab/Riccio agreement. H & R Block has never claimed a security interest in the furnishings.

Furthermore, the security agreements at issue in *Bank of the West* did not involve a situation in which the secured party was required by contract to exercise his option to declare a default of the debtor. This is the situation in the case at bar. Defendant claims that Schwab's possessory interest was never perfected under the terms of the Agreement which required Schwab to exercise his option to place Riccio in default.

■ Under California law, the elements of a conversion cause of action are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendants conversion by a wrongful act or disruption of plaintiff's property rights; and (3) damages. *Baldwin v. Marina City Properties, Inc.*, 79 Cal.App.3d 393, 410, 145 Cal.Rptr. 406 (1978). Whether plaintiff had ownership or the right to possess the property at the time of conversion is the issue presented by this motion.

### IV.

■ Under the Contract, Schwab transferred title and thus ownership to Riccio. Schwab's only potential possessory interest was through the Security Agreement which granted Schwab a security interest in the office furnishings as collateral.

Plaintiff contends he regained an ownership interest because Riccio defaulted under the Agreement by failing to perform obligations specified by paragraphs 8 and 9:

8. The DEBTOR shall not sell, convey, encumber or otherwise dispose of or transfer the collateral except in the ordinary course of business without prior consent of the SECURED PARTIES, ...
9. DEBTOR shall ... keep [the collateral] free of all liens and encumbrances.

The evidence plaintiff proffers for Riccio's default under paragraphs 8 and 9 is that Riccio had incurred debts to H & R Block of at least $2,503 and to the telephone company in the amount of $969. Plaintiff argues that these debts amount to encumbrances, thus placing Riccio in default. This Court does not agree that these debts encumbered the collateral.

Neither the phone company nor H & R Block claimed a right to the collateral in satisfaction for the amounts owed to them by Riccio. These debts were unsecured debts and did not violate the provisions of the Agreement. Riccio merely chose to satisfy his obligation to H & R Block by having the company sell the furnishings owned by Riccio to the new franchisee.

Plaintiff next asserts that in granting permission for H & R Block to sell the furnishings, Riccio was in default under paragraphs 8 and 12 of the Agreement. Paragraph 12 establishes the parameters of default:

12. At the option of the SECURED PARTIES, the DEBTOR will be in default under this agreement, and the obligations secured by this agreement shall become immediately due and payable in full, upon the happening of one or more of the following events:

A.) Failure of the DEBTOR to perform any of the obligations secured by this agreement.

.    .    .    .    .

C.) Failure of the DEBTOR to perform any covenant, condition or provision of this agreement.

D.) Loss, theft, substantial damage, destruction, sale, conveyance or encumbrance to or of the collateral or making of a levy, seizure or attachment upon it.

Plaintiff claims that as soon as Riccio gave H & R Block permission to sell the furnishings he was in default, giving Schwab an immediate ownership interest in those furnishings. Paragraph 12 of the Agreement, however, does not support plaintiff's claim. Riccio's default under the Agreement was not the only requirement necessary to perfect Schwab's security interest.

The Agreement executed by Schwab and Riccio provided for a two step process for a default to occur. First, Riccio had to fail to perform under the contract and second, Schwab had to exercise his option to declare Riccio in default. Schwab's right to a possessory interest in the collateral required the occurrence of both events.

By granting H & R Block permission to sell the furnishings without notifying Schwab, Riccio could be considered in default under the Agreement. However, Schwab apparently chose not to exercise his option to declare a default. Schwab had ample notice that Riccio's business was failing and that the contract between the two was in jeopardy. Schwab knew that H & R Block terminated Riccio's franchise in September, 1986. In early October, Schwab had conversations with employees of H & R Block concerning the terminated franchise. On October 28, 1988, Riccio granted H & R Block permission to sell the furnishings to the new owner and H & R Block did not resell the franchise or the furnishings until November, 1986. Schwab had sufficient time and notice to exercise his option to place Riccio in default, to declare the obligation due and payable, and to repossess the collateral. Schwab did not do so and thus, never regained a possessory interest in the furnishings. Riccio remained the rightful owner of the furnishings and had the power to give H & R Block permission to facilitate the sale on Riccio's behalf. Riccio was the beneficiary of the proceeds from the sale.

## V.

Plaintiff Schwab fails to establish an element essential to maintaining a cause of action for conversion, that of ownership or right to possession. Therefore, defendant is entitled to partial summary judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

Accordingly, defendant's motion for partial summary judgment is GRANTED as to plaintiff's fifth cause of action for conversion.

IT IS SO ORDERED.